T.C. Memo. 2005-123

UNITED STATES TAX COURT

NARVELL DARLING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5884-04.                    Filed May 25, 2005.

Narvell Darling, pro se.

<u>Laurie A. Nasky</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's Federal income tax of $6,361 for the
taxable year 2001.  Unless otherwise indicated, section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

The issue for decision is whether petitioner is entitled to a casualty loss deduction of $35,410 for damage to his personal property and residence due to a flood.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Chicago, Illinois, on the date the petition was filed in this case.

During 2001, petitioner lived in a three-story townhouse located at 1130 East 81st Street, Townhouse D, Chicago, Illinois. On or about August 2, 2001, a severe 3-hour thunderstorm dumped up to 4 inches of rain on a 30-mile corridor from Lake County, south through Cook County, and on to Kankakee. According to news articles, at its peak the storm dumped billions of gallons of water on the area. The flash flooding caused by the thunderstorm damaged thousands of homes. Governor George Ryan declared the area a State disaster area. Damage from the torrential rain shut down expressways and Chicago Transit Authority trains. The resulting runoff overwhelmed the city's combined storm and sewer systems causing sewer backup flooding.

When petitioner returned home from work he discovered that a part of his basement had flooded. Petitioner estimated that the water in his basement was approximately 3½ to 4 feet deep.

Petitioner had an insurance policy with State Farm Mutual Insurance Co., but, unfortunately, it did not cover flooding, so he did not file a claim. Petitioner had the water pumped out of his basement. He then inventoried the damage to his house and his personal property.

Petitioner timely filed a Federal income tax return electronically for the 2001 taxable year. On his Form 1040, U.S. Individual Income Tax Return, petitioner claimed a casualty loss deduction of $35,410, after application of the $100 limitation pursuant to section 165(h)(1) and the 10 percent of adjusted gross income limitation pursuant to section 165(h)(2). Petitioner attached to the Form 1040 a Schedule A, Itemized Deductions, and a Form 4684, Casualties and Thefts.

On Form 4684, petitioner described the property for which he claimed a casualty loss as: "Furniture, carpeting, clothing, books, artwork, electronics, tools, software, computers, and appliances". The Form 4684 reflected in pertinent part as follows:

```
Section A--Personal Use Property

Property Description                   Furniture and carpeting
Line A2.  Cost or other basis of each property        $15,800
Line A3.  Insurance or other reimbursement                  0
Line A5.  Fair market value before casualty or theft   12,600
Line A6.  Fair market value after casualty or theft         0
Line A7.  Subtract line 6 from line 5                  12,600
Line A8.  Enter the smaller of line 2 or line 7        12,600
Line A9.  Subtract line 3 from line 8                  12,600

Property Description                   Clothing, books, artwork
Line A2.  Cost or other basis of each property        $12,700
Line A3.  Insurance or other reimbursement                  0
Line A5.  Fair market value before casualty or theft   11,900
```

```
Line A6.   Fair market value after casualty or theft        0
Line A7.   Subtract line 6 from line 5                  11,900
Line A8.   Enter the smaller of line 2 or line 7        11,900
Line A9.   Subtract line 3 from line 8                   11,900

Property Description                   Electronics, tools, software,
                                       computer
Line A2.   Cost or other basis of each property        $11,800
Line A3.   Insurance or other reimbursement                  0
Line A5.   Fair market value before casualty or theft   10,200
Line A6.   Fair market value after casualty or theft        0
Line A7.   Subtract line 6 from line 5                  10,200
Line A8.   Enter the smaller of line 2 or line 7        10,200
Line A9.   Subtract line 3 from line 8                   10,200

Property Description                   Appliance 06-19-00
Line A2.   Cost or other basis of each property         $5,700
Line A3.   Insurance or other reimbursement                  0
Line A5.   Fair market value before casualty or theft    5,700
Line A6.   Fair market value after casualty or theft        0
Line A7.   Subtract line 6 from line 5                   5,700
Line A8.   Enter the smaller of line 2 or line 7         5,700
Line A9.   Subtract line 3 from line 8                    5,700

Line A10D.  Casualty or theft loss                     $40,400
Line A11D.  The smaller of line 10 or $100                 100
Line A12D.  Subtract line 11 from line 10               40,300
Line A13D.  Add the amounts on line 12 of all
            Forms 4684                                  40,300
Line A14D.  Add the amounts on line 4 of all
            Forms 4684                                       0
Line A16D.  If line 14 is less than line 13, enter
            the difference.                             40,300
Line A17D.  Enter 10% of your adjusted gross income
            from Form 1040, line 37.                     4,890
Line A18D.  Total personal property loss amount        $35,410
```

On January 28, 2004, respondent issued petitioner a notice of deficiency for taxable year 2001. In the notice of deficiency, respondent disallowed petitioner's claimed casualty loss deduction and determined petitioner was liable for a tax deficiency in the amount of $6,361.

                              OPINION

As a general rule, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving the Commissioner's determinations in

the notice of deficiency to be in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  As one exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the examination of the taxpayer's records for the subject year began after July 22, 1998, and the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue. In the present case, the burden does not shift with respect to any factual issue relating to petitioner's liability for the income tax deficiency because petitioner neither alleged that section 7491 was applicable nor established that he complied with the substantiation requirements of section 7491(a), as shown below.  Sec. 7491(a)(2)(A) and (B).

Deductions are a matter of legislative grace, are allowed only as specifically provided by statute, and petitioner bears the burden of proving that he is entitled to the claimed deduction.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  With these well-established propositions in mind, we must determine whether petitioner has satisfied his burden of proving that he is entitled to a casualty loss deduction allegedly incurred during taxable year 2001.  Respondent argues

that petitioner has failed to produce any credible evidence to substantiate his claimed loss, including the occurrence of any casualty, or, if a casualty occurred, the amount deductible.

Section 165(a)[1] allows as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.  Section 165(c) limits the allowance of losses in the cases of individuals.  Section 165(c)(3) allows as a deduction to an individual certain losses commonly referred to as casualty losses.  A casualty loss is allowable to an individual for a loss of property not connected with a trade or business or with a transaction entered into for profit, if the loss results from

_____

[1]Sec. 165.  Losses.

    (a) General rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

        *     *     *     *     *     *     *

    (c) Limitation on losses of individuals.--In the case of an individual, the deduction under subsection (a) shall be limited to--

        (1) losses incurred in a trade or business;

        (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and

        (3) except as provided in subsection (h), losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft.

"fire, storm, shipwreck, or other casualty", subject to limitations set forth in section 165(h).

Section 165(h)(1) provides that any loss of an individual described in section 165(c)(3) is allowed only to the extent that the amount of the loss arising from each casualty exceeds $100. Section 165(h)(2) provides that if the personal casualty losses for a taxable year exceed the personal casualty gains for the year, the losses are allowable only to the extent of the sum of the personal casualty gains for that taxable year, plus so much of the excess as exceeds 10 percent of adjusted gross income for that taxable year. Thus, where there are no personal casualty gains for a taxable year, personal casualty losses (in excess of $100 per casualty) are allowable to the extent that they exceed 10 percent of adjusted gross income for that taxable year.

The method of valuation to be used in determining a casualty loss is prescribed in section 1.165-7(a)(2), Income Tax Regs., which provides as follows:

> (i) In determining the amount of loss deductible under * * * [section 165], the fair market value of the property immediately before and immediately after the casualty shall generally be ascertained by competent appraisal. This appraisal must recognize the effects of any general market decline affecting undamaged as well as damaged property which may occur simultaneously with the casualty, in order that any deduction under * * * [section 165] shall be limited to the actual loss resulting from damage to the property.

> (ii) The cost of repairs to the property damaged is acceptable as evidence of the loss of value if the taxpayer shows that (a) the repairs are necessary to restore the

property to its condition immediately before the casualty, (b) the amount spent for such repairs is not excessive, (c) the repairs do not care for more than the damage suffered, and (d) the value of the property after the repairs does not as a result of the repairs exceed the value of the property immediately before the casualty.

In the case of an item held for personal use, the amount deductible is governed by section 1.165-7(b)(1), Income Tax Regs., which provides that the amount of the loss to be taken into account for purposes of section 165(a) shall be the lesser of:  (1) The amount which is equal to the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty, or (2) the amount of the adjusted basis for determining the loss from the sale or other disposition of the property involved.

Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses.  As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he is otherwise entitled, the Court may estimate the amount for the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).  However, in order for the Court to estimate the amount of an expense, the

Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

Although we believe that petitioner sustained a casualty loss from flooding, he still has to substantiate the amount of the losses due to the casualty.

At trial, petitioner testified: (1) The flood which occurred in the Chicago area in August of 2001, resulted in his townhouse basement taking on "four and a half feet of water"; (2) he had the water pumped out of his basement; and (3) that the carpeting, walls, and several personal property items which were kept in the basement were damaged or destroyed. Petitioner testified that he made a list of these items and then documented such damages with repair receipts. However, the list and documents were destroyed by a fire at his business office. At trial we received into evidence pictures and police reports which petitioner claims substantiates the fire that destroyed the documentary evidence of his casualty loss.

Petitioner had insurance through State Farm Mutual Insurance Company. He contends that he tried to file a claim with his insurance company; however, when he called State Farm Mutual Insurance Company he was notified that his policy did not cover flood damage. Petitioner has no evidence, except his testimony,

to support his contention that he attempted to file an insurance claim as a result of the flood.

Petitioner also testified as to his calculation of his claimed casualty loss deduction.  Petitioner calculated such casualty loss deduction by inventorying the damaged and destroyed carpeting and personal property items as they were "hauled away".  He then found purchase receipts for these items.  Petitioner "depreciated" all items by 10 percent of their purchase price, no matter how long he had owned the item.  Petitioner then calculated his casualty loss by using the sum of all the depreciated values and applying the limitations of section 165(h).

Petitioner did not attempt to recreate the above-described inventory list of items that were damaged or destroyed.  Petitioner did not attempt to obtain receipts for repairs to the premises.  Petitioner did not call, as witnesses to substantiate the casualty loss, any of the individuals who allegedly helped him pump the water out of his basement or helped him dispose of the damaged or destroyed items of personal property.

Petitioner has presented no reliable evidence of any repairs made to his townhouse or to the personal property items that were damaged or destroyed as a result of the flood.  The only evidence presented by petitioner to support his claimed losses is his own self-serving testimony.  This Court is not bound to accept a

taxpayer's unverified and self-serving testimony. <u>Blodgett v. Commissioner</u>, 394 F.3d 1030, 1036 (8th Cir. 2005), affg. T.C. Memo. 2003-212; <u>Shea v. Commissioner</u>, 112 T.C. 183, 189 (1999). Because petitioner has failed to corroborate his testimony or provide any substantiation to support his claimed amount of casualty loss, we find we cannot estimate any amounts of petitioner's deductions under the <u>Cohan</u> rule, and we sustain respondent's disallowance of petitioner's claimed casualty loss deduction in the amount of $35,410.

We have considered all of the other arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>for respondent</u>.